1  JAMES A. SARRAIL, ESQ. (SBN 43075)
   MONICA CASTILLO, ESQ. (SBN 146154)
2  SARRAIL, CASTILLO & HALL, LLP
   111 Anza Blvd., Suite 203
3  Burlingame, CA 94010
   Telephone:  (650) 685-9200
4  Facsimile:   (650) 685-9206

5  Attorneys for Plaintiff Richard Johnson

6

7

8              UNITED STATES DISTRICT COURT

9        IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 RICHARD JOHNSON,                    )   Case No.: 5:17-cv-04376-NC
                                       )
12            Plaintiff,               )   **1st AMENDED COMPLAINT FOR**
                                       )   **PRELIMINARY AND PERMANENT**
13 DOO YOUNG CHI dba REDWOOD           )   **INJUNCTIVE RELIEF AND DAMAGES:**
   ESTATES STORE and DOES 1-10,        )   **DENIAL OF CIVIL RIGHTS AND**
   Inclusive,                          )   **ACCESS TO PUBLIC FACILITIES TO**
14                                     )   **PHYSICALLY DISABLED PERSONS,**
              Defendants.              )   **PER CALIFORNIA STATUTES**
15                                     )   **(INCLUDING CIVIL CODE §§ 51, 52, 54,**
                                       )   **54.1, 54.3, 54.4 AND 55), INJUNCTIVE**
16                                     )   **RELIEF PER TITLE III, AMERICANS**
                                       )   **WITH DISABILITIES ACT OF 1990**
17                                     )
                                       )   **DEMAND FOR JURY TRIAL**
18                                     )
19 ────────────────────────────────────)

20

21      Plaintiff, RICHARD JOHNSON ("JOHNSON") complains of defendants DOO YOUNG

22 CHI dba REDWOOD ESTATES STORE; and DOES 1-10 (collectively, "DEFENDANTS"),

23 inclusive, and each of them, and alleges as follows:

   **A. INTRODUCTION**
24
25      1. This case involves the denial of accessible public facilities to JOHNSON and other

26 disabled persons at the REDWOOD ESTATES STORE ("REDWOOD") located at 20121

27 Broadway Road., Los Gatos, CA 95033. JOHNSON, a qualified disabled person,

28 experienced numerous barriers to access as a result of the access violations at

   ────────────────────────────────────────────────────────────
   **1st AMENDED COMPLAINT**                                    1

1   REDWOOD, including but not limited to the parking, path of travel, and interior use.
2   JOHNSON has been a disabled individual since an accident left him paraplegic in or about
3   July 2009 and is a "person with a disability" or a "physically handicapped person".
4   JOHNSON uses a wheelchair when ambulating and is unable to use portions of public
5   facilities which are not accessible to disabled persons, including those who use a
6   wheelchair. JOHNSON was denied his rights to full and equal access at these facilities, and
7   was denied his civil rights under both California law and federal law, because this facility
8   was not, and is not now, properly accessible to physically disabled person, including those
9   who use a wheelchair. JOHNSON seeks injunctive relief to require DEFENDANTS to make
10  this facility accessible to disabled persons and to ensure that any disabled person who
11  attempts to use REDWOOD will be provided properly disabled-accessible facilities.
12  JOHNSON also seeks recovery of damages for his discriminatory experiences and denial
13  of access and civil rights, which denial is continuing as a result of DEFENDANTS' failure
14  and refusal to provide disabled-accessible facilities. JOHNSON also seeks recovery of
15  reasonable statutory attorney fees, litigation expenses and costs.

16  **B. JURISDICTION**

17          2. This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations
18  of the Americans with Disabilities Act of 1990, 42 USC §12101 et seq. Pursuant to pendant
19  jurisdiction, attendant and related causes of action arising from the same facts are also
20  brought under California law, including but not limited to violations of California Government
21  Code §§4450 et seq, California Civil Code §§51, 52, 54, 54.1, 54.4 and 55; and Title 24
22  California Code of Regulations.

23  **C. VENUE**

24          3. Venue is proper in this court pursuant to 28 USC §1391(b)and is founded on the
25  fact that the real property which is the subject of this action is located in this district, that
26  JOHNSON resides in this district and that JOHNSON's causes of action arose in this
27  district.

28

---

1  **D. INTRADISTRICT**

2      4. This case should be assigned to the San Jose intradistrict as the real property

3  which is the subject of this action is located in this intradistrict and JOHNSON's causes of

4  action arose in this district.

5  **E. PARTIES**

6      5. Plaintiff, RICHARD JOHNSON, is a qualified physically disabled person who has

7  been disabled since an accident left him paraplegic in or about July 2009 and is a "person

8  with a disability" or a "physically handicapped person". JOHNSON uses a wheelchair when

9  ambulating , and is a "disabled" person within the meaning of Civil Code §54 and §54.1.

10 Defendants, DOO YOUNG CHI dba REDWOOD ESTATES STORE, and DOES 1-10,

11 inclusive, are the owners, subsidiaries, operators, lessors and lessees of the business

12 property, buildings and/or portions thereof known as Redwood Estates Store ("REDWOOD")

13 located at 20121 Broadway Road, Los Gatos, CA 95033. REDWOOD is a "public

14 accommodation" and "business establishment" subject to the requirements of California

15 Civil Code §§51 et seq and  §§54. REDWOOD, since July 1, 1982, has undergone

16 construction and/or "alterations, structural repairs, or additions", subjecting sch facility to

17 disabled access requirements of California Title 24, the State Building Code. Further,

18 irrespective of the alteration history, such premises are subject to the "readily achievable"

19 barrier removal requirements of Title III of the Americans with Disabilities Act of 1990.

20      6. The true names and capacities of Defendants Does 1 through 10, Inclusive, are

21 unknown to JOHNSON, who therefore sues said Defendants by such fictitious names.

22 JOHNSON is informed and believes and alleges thereon that each of the Defendants herein

23 designated as "Doe" is legally responsible in some manner for the events and happenings

24 herein referred to and caused injury and damages proximately thereby to JOHNSON.

25 JOHNSON prays leave of Court to amend this Complaint to show such true names and

26 capacities when the same have been ascertained.

27      7. Defendants DOO YOUNG CHI dba REDWOOD ESTATES STORE; and DOES

28 1-10, inclusive, are and were the owners, subsidiaries, operators, lessees and/or lessors

---

**1st AMENDED COMPLAINT**                                                            3

1  of the subject property and/or buildings at all times relevant to this Complaint. JOHNSON

2  is informed and believes and alleges thereon that each of the DEFENDANTS herein is the

3  agent, employee or representative of each of the other DEFENDANTS, and performed all

4  acts and omissions stated herein within the scope of such agency or employment or

5  representative capacity and is responsible in some manner for the acts and omissions of

6  the other DEFENDANTS in proximately causing the damages complained of herein.

7

8
### FIRST CAUSE OF ACTION
### DENIAL OF FULL AND EQUAL ACCESS TO
9
### PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION
### (California Govt. Code §4450 et seq; Civil Code §§54, 54.1 et seq)
10

11      8. JOHNSON pleads and incorporates by reference, as if fully set forth herein, the

12  factual allegations contained in Paragraphs 1 through 7, above, and incorporates them

    herein by reference as if separately plead hereafter.
13

14      9. JOHNSON and other similarly situated physically disabled persons, including

15  those who require the use of a wheelchair, are unable to use public facilities on a "full and

16  equal" basis unless each such facility is in compliance with the provisions of California

17  Government Code §4450 et seq. JOHNSON is a member of that portion of the public whose

18  rights are protected by the provisions of California Government Code §4450 et seq. and

    Civil Code §§ 54 and 54.1.
19

20      10. Government Code §4450 et seq were enacted "to ensure that all buildings,

21  structures, sidewalks, curbs, and related facilities, constructed in this state by the use of

22  state, county, or municipal funds, or the funds of any political subdivision of the state shall

23  be accessible to and usable by persons with disabilities". On information and belief,

24  Government Code §4450 et seq apply to REDWOOD. Civil Code §54 provides

25  that:"Individuals with disabilities or medical conditions have the same right as the general

26  public to the full and free use of the streets, highways, sidewalks, walkways, public

27  buildings, medical facilities, including hospitals, clinics, and physicians' offices, public

28  facilities, and other public places. " Civil Code §54.1 provides that: "Individuals with

---

1    disabilities shall be entitled to full and equal access, as other members of the general

2    public, to accommodations..." The codes relating to such public accommodations also

3    require that "[w]hen sanitary facilities are made available for the public, clients or

4    employees....they shall be made available for persons with disabilities." Title 24, California

5    Code of Regulations, formerly known as the California Administrative Code, was in effect

6    at the time of each alteration which occurred at such public facility since July 1, 1982, thus

7    requiring access complying with the specifications of Title 24 whenever each such

8    "alteration, structural repair or addition" was carried out. Defendants and/or their

9    predecessors in interest carried out alterations, structural repairs or additions to the subject

10   building and its parking facilities during the period Title 24 has been in effect.

11       11. JOHNSON has been a disabled individual since an accident left him paraplegic

12   in or about July 2009.  His visit to REDWOOD was on or about May 11, 2017, where he

13   expected and anticipated that he would not encounter barriers. He arrived in his van to

14   purchase items from the store and experienced barriers to access in violation of both

15   federal and state access for disabled people laws, including but not limited to the following:

16   • JOHNSON experienced difficulties outside and entering because:

17           • there is no ADA parking stall

18           • the front door has a too steep ramp in front of it

19           • the ramp's flared side slopes are dangerous;

20           • hard to operate front door; and

21           • the lower 10 inches of the door is unsafe glass.

22   • JOHNSON experienced difficulties inside the store because:

23           • the interior path of travel is crowded and hard to navigate;

24           • there are no turning spaces at the ends of the aisles; and

25           • the cashier counter is out of reach.

26       JOHNSON was humiliated and embarrassed at not being able to properly access

27   and use the facilities. These barriers have rendered REDWOOD and its premises illegally

28   inaccessible to and unuseable by physically disabled persons, including JOHNSON. All

1  facilities must be brought into compliance with applicable federal and state statutory and

2  regulatory requirements, according to proof.

3      12. Further, each and every violation of the Americans with Disabilities Act of 1990

4  (as pled in the Third Cause of Action below), also constitutes a separate and distinct

5  violation of California Civil Code §54©, thus independently justifying an award of damages

6  and injunctive relief pursuant to California law, including but not limited to, Civil Code §§54.3

7  and 55.

8      13. Further, each and every violation of the Americans with Disabilities Act of 1990

9  (as pled in the Third Cause of Action below), also constitutes a separate and distinct

10  violation of California Civil Code §54.1(d), thus independently justifying an award of

11  damages and injunctive relief pursuant to California law, including but not limited to, Civil

12  Code §§54.3 and 55.

13      14. JOHNSON seeks injunctive relief to prohibit the acts and omissions of

14  DEFENDANTS, and each of them, as complained of herein, which are continuing on a daily

15  basis and which have wrongfully excluded JOHNSON and other similarly situated members

16  of the public from full and equal access to these public facilities. Such acts and omissions

17  are the cause of humiliation and mental and emotional suffering of JOHNSON in that these

18  actions continue to treat JOHNSON as an inferior and second class citizen and serve to

19  discriminate against him on the sole basis that he is a person with a disability who requires

20  the use of a wheelchair for movement. JOHNSON is unable, so long as such acts and

21  omissions of DEFENDANTS, and each of them, continue, to achieve equal access to and

22  use of these public facilities, and has been harmed as a result of trying to access the

23  facilities and/or has been deterred and unable to access the facilities. JOHNSON alleges

24  that he intends to return once legally required access has been provided. The acts of

25  DEFENDANTS, and each of them, have proximately caused and will continue to cause

26  irreparable harm and injury to JOHNSON if not enjoined by this court.

27      15. Whereas, JOHNSON asks this court to preliminarily and permanently enjoin any

28  continuing refusal by DEFENDANTS, and each of them, to grant full and equal access to

1 JOHNSON in the respects complained of and to require DEFENDANTS, and each of them,
2 to comply forewith with the applicable statutory requirements relating to access for disabled
3 persons. Such injunctive relief is provided by  California Government Code §4452 and
4 California Civil Code §55, and other law. JOHNSON further requests that the court award
5 damages pursuant to Civil Code §54.3 and other law and attorney fees, litigation expenses,
6 and costs pursuant to Civil Code §54.3 and 455, Code of Civil Procedure §1021.5 and other
7 law, all as hereinafter prayed for.

8        16. As a result of the denial of equal access to this facility, and due to the acts and
9 omissions of DEFENDANTS, and each of them in owning, subsidizing, operating, leasing,
10 constructing, altering and maintaining the subject facilities, JOHNSON suffered a violation
11 of his civil rights, including but not limited to, rights under Civil Code §§54 and 54.1, all to
12 his damages per Civil Code §54.3, including general, statutory and treble damages, as
13 hereinafter stated. DEFENDANTS', and each of their, actions and omissions to act
14 constitute discrimination against JOHNSON on the sole basis that he was and is physically
15 disabled and unable, because of the architectural and other barriers created and/or
16 maintained by the DEFENDANTS in violation of the subject laws, to use the public facilities
17 on a full and equal basis as other persons.

18        17. At all times herein mentioned, DEFENDANTS, and each of them, knew, or in the
19 exercise of reasonable diligence should have known, that their barriers and practices at
20 their subject facility violated disabled access requirements and standards and had a
21 discriminatory affect upon JOHNSON and upon other physically disabled persons, but
22 DEFENDANTS, and each of them, have failed and refused to rectify these violations, and
23 presently continue a course of conduct of failure to remove architectural barriers that
24 discriminate against JOHNSON and similarly situated disabled persons.

25        18. As a result of DEFENDANTS', and each of their, acts, omissions and conduct,
26 JOHNSON has been required to incur attorney fees, litigation expenses and costs, in order
27 to enforce his rights and to enforce provisions of the law protecting access for disabled
28 persons and prohibiting discrimination against disabled persons. JOHNSON therefore seeks

1   recovery of all reasonable attorney fees and costs, pursuant to the provisions of California

2   Civil Code §§54.3 and 55. Additionally, JOHNSON's lawsuit is intended to require that

3   DEFENDANTS, and each of them, make their facilities accessible to all disabled members

4   of the public, justifying "public interest" attorney fees and costs pursuant to the provisions

5   of California Code of Civil Procedure §1021.5 and other applicable law.

6        WHEREFORE, JOHNSON prays for damages and injunctive relief as hereinafter

7   stated.

8
                                    **SECOND CAUSE OF ACTION**
9   **VIOLATION OF CALIFORNIA LAW: UNRUH CIVIL RIGHTS ACT, CIVIL CODE §§51, 52,**
    **and AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE §51(f)**
10

11       19. JOHNSON pleads and incorporates by reference, as if fully set forth herein, the

12   factual allegations contained in Paragraphs 1 through 18, above, and incorporates them

13   herein by reference as if separately plead hereafter.

14       20. At all times relevant to this complaint, California Civil Code §51 has provided that

15   physically disabled persons are free and equal citizens of the state, regardless of medical

16   condition or disability.

17       21. California Civil Code §52 provides that discrimination by DEFENDANTS, and

18   each of them, against JOHNSON on the basis of his disability constitutes a violation of the

19   anti-discrimination provision of §51 and 52.

20       22. DEFENDANTS', and each of their, discrimination also constitutes a separate and

21   distinct violation of California Civil Code §52.

22       23. Any violation of the Americans with Disabilities Act of 1990 (as pled in the Third

23   Cause of Action) constitutes a violation of California Civil Code §51(f) thus independently

24   justifying an award of damages and injunctive relief pursuant to California law.

25       24. The acts and omissions of DEFENDANTS, and each of them, as herein alleged

26   constitute a denial of access to and use of the described public facility by physically

27   disabled persons within the meaning of California Civil Code §§51 and 52. As a proximate

28   result of DEFENDANTS', and each of their, actions and omissions, DEFENDANTS, and

---

1  each of them, have discriminated against JOHNSON in violation of California Civil Code
2  §§51 and 52.

3      25. As a result of DEFENDANTS', and each of their, acts, omissions and conduct,
4  JOHNSON has been required to incur attorney fees, litigation expenses and costs as
5  provided by statute, in order to enforce his rights and to enforce provisions of the law
6  protecting access for disabled persons and prohibiting discrimination against disabled
7  persons. JOHNSON therefore seeks recovery of all reasonable attorney fees and costs,
8  pursuant to the provisions of California Civil Code §§51 and 52. Additionally, JOHNSON's
9  lawsuit is intended to require that DEFENDANTS, and each of them, make their facility
10 accessible to all disabled members of the public, justifying "public interest" attorney fees and
11 costs pursuant to the provisions of California Code of Civil Procedure §1021.5 and other
12 applicable law.

13     WHEREFORE, JOHNSON prays for damages and injunctive relief as hereinafter
14 stated.

15

16                          **THIRD CAUSE OF ACTION**
                   **VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990**
17                          **42 U.S.C. §§12101 et seq**

18
19     26. JOHNSON pleads and incorporates by reference, as if fully set forth herein, the
20 factual allegations contained in Paragraphs 1 through 25, above, and incorporates them
   herein by reference as if separately plead hereafter.
21
22     27. In passing the Americans with Disabilities Act of 1990 ("ADA"), Congress' stated
23 purpose, in relevant part, was to mandate a national prohibition of discrimination against
   physically disabled persons and to provide standards to address the discrimination.
24
25     28. As part of the ADA, Congress passed the definition of " Public Accommodation"
   to include "...other sales or rental establishment" (42 U.S.C. §12181(7)(E).
26
27     29. The ADA clearly states that "[n]o individual shall be discriminated against on the
28 basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

---

1  advantages, or accommodations of any place of public accommodations by any person who
2  owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C.
3  §12182. The specific prohibitions against discrimination included, but were not limited to the
4  following:

5      (a) §302(b)(1)(A)(ii): "It shall be discriminatory to afford an individual or class of
6      individuals, on the basis of a disability or disabilities of such individual or class,
7      directly, or through contractual, licensing, or other arrangements, with the opportunity
8      to participate in or benefit from a good, service, facility, privilege, advantage, or
9      accommodation that is not equal to that afforded to other individuals."

10      (b) §302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices
11      or procedures when such modifications are necessary to afford such goods,
12      services, facilities, privileges, advantages or accommodations to individuals with
13      disabilities."

14      © §302(b)(2)(A)(iii): "A failure to take such steps as may be necessary to ensure that
15      no individual with a disability is excluded, denied service, segregated, or otherwise
16      treated differently than other individuals because of the absence of auxiliary aids and
17      services..."

18      (d) §302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication
19      barriers that are structural in nature, in existing facilities...where such removal is
20      readily achievable;" and

21      (e) §302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier
22      under clause (iv) is not readily achievable, a failure to make such goods, services,
23      facilities, privileges, advantages or accommodations available through alternative
24      methods if such methods are readily achievable."

25      The acts and omissions of DEFENDANTS, and each of them, set forth herein were
26  in violation of JOHNSON's rights under the ADA and the regulations promulgated
27  thereunder, 28 CFR Part 36 et seq.

28      30. The removal of each of the barriers complained of by JOHNSON as alleged

1   above were at all times herein mentioned since January 26, 1992 "readily achievable" under
2   the standards of §302 of the ADA. As noted above, removal of each and every one of the
3   architectural barriers complained of herein were also required under California law. Further,
4   on information and belief, alterations, structural repairs or additions since January 26, 1993,
5   have also independently triggered requirement for removal of barriers to access for disabled
6   persons per §303 of the ADA.

7        31. JOHNSON is informed and believes and alleges thereon that, as of the date of
8   his encounter of the premises and as of the filing of this Complaint, the premises have
9   denied and continue to deny full and equal access to JOHNSON and to other disabled
10  persons in other respects which violate JOHNSON's rights to full and equal access and
11  which discriminate against JOHNSON on the basis of his disability, thus wrongfully denying
12  to JOHNSON the full and equal enjoyment of the goods, services, facilities, privileges,
13  advantages and accommodations, in violation of §§302 and 303 of the ADA.

14       32. JOHNSON is informed and believes and alleges thereon that DEFENDANTS,
15  and each of them, have continued to violate the law and deny the rights of JOHNSON and
16  other disabled persons' access to REDWOOD since on or before JOHNSON's encounters,
17  as previously noted. Pursuant to the ADA, §308, 42 U.S.C. 12188 et seq, JOHNSON is
18  entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964,
19  42 U.S.C. 2000a-3(a), as JOHNSON is being subjected to discrimination on the basis of
20  disability in violation of the ADA or has reasonable grounds for believing that he is about to
21  be subjected to discrimination. Pursuant to §308(a)(2), "In cases of violations of
22  §302(b)(2)(A)(iv) and §303(a)... injunctive relief shall include an order to alter facilities to
23  make such facilities readily accessible to and useable by individuals with disabilities to the
24  extent required by this title."

25       33. JOHNSON seeks relief pursuant to remedies set forth in §204(a) of the Civil
26  Rights Act of 1964, 42 U.S.C. 2000a-3(a), and pursuant to Federal Regulations adopted to
27  implement the ADA. JOHNSON is a qualified disabled person for purposes of §308(a) of
28  the ADA who is being subjected to discrimination on the basis of disability in violation of

1  Title III and who has reasonable grounds for believing he will be subjected to such
2  discrimination each time he attempts to use the facilities at REDWOOD.

3        WHEREFORE, JOHNSON prays for damages and injunctive relief as hereinafter
4  stated.

5                                              **PRAYER**

6        JOHNSON prays that this court:

7        1. Issue a preliminary and permanent injunction directing DEFENDANTS, and each
8  of them, as current owners, subsidiaries, operators, lessors, and/or lessees of the property
9  and premises to modify the above-described property and premises and related facilities
10 so that each provides full and equal access to all persons, including persons with physical
11 disabilities such as wheelchair users, and issue a preliminary and permanent injunction
12 directing DEFENDANTS, and each of them, to provide facilities useable by JOHNSON and
13 similarly situated persons with disabilities, and which provide full and equal access, as
14 required by law, including appropriate changes in policy;

15       2. Retain jurisdiction over the DEFENDANTS, and each of them, until such time as
16 the court is satisfied that DEFENDANTS', and each of their, unlawful policies, practices,
17 acts and omissions, and maintenance of inaccessible public facilities as complained of
18 herein no longer occur and can not recur;

19       3. Award to JOHNSON all appropriate damages, including but not limited to statutory
20 damages, personal injury damages, general damages, and treble damages in an amount
21 within the jurisdiction of the court, all according to proof;

22       4. Award to JOHNSON all reasonable statutory attorney fees, litigation expenses,
23 and costs of this proceeding as provided by law;

24       5. Award prejudgement interest pursuant to California Civil Code §3291; and

25       6. Grant such other and further relief as this court may deem just and proper.
///
26 ///
///
27 ///
///
28 ///

Dated: ___8/3___, 2017          SARRAIL, CASTILLO & HALL, LLP

                                By:___Monica Castillo___
                                    Monica Castillo
                                    Attorneys for Plaintiff
                                    RICHARD JOHNSON

## DEMAND FOR JURY

JOHNSON hereby demands a jury for all clams for which a jury is permitted.

Dated: ___8/3___, 2017          SARRAIL, CASTILLO & HALL, LLP

                                By:___Monica Castillo___
                                    Monica Castillo
                                    Attorneys for Plaintiff
                                    RICHARD JOHNSON